*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 25, 2022

Plaintiff-Appellee,

v

No. 358606
Barry Circuit Court
LC No. 2019-000468-FH

JAMES BRIAN EVANS,

Defendant-Appellant.

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant, James Brian Evans, appeals by leave granted[1] his sentence after he pleaded guilty to stealing or retaining a financial transaction device without consent, MCL 750.157n(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 60 to 180 months' imprisonment. We affirm the minimum prison term but vacate and remand for resentencing as it relates to amounts of fines, court costs, and restitution.

## I. BACKGROUND

This case stems from an incident in which defendant broke into multiple vehicles at the victims' home; stole items including tools, a wallet, and credit cards; and then used the credit cards in several cities in the area. Defendant entered a guilty plea to two counts of stealing or retaining a financial transaction device as a fourth-offense habitual offender.

The presentence investigation report (PSIR) included impact statements from the victims of the theft. One victim indicated a loss of $258 and another claimed a loss of $613.85, totaling $871.85. Further, the PSIR recommended an assessment of $700 per charge for a total of $1,400 in court costs, and $100 per charge for a total of $200 in fines.

---

[1] *People v Evans*, unpublished order of the Court of Appeals, entered October 29, 2021 (Docket No. 358606).

At defendant's first sentencing hearing, defendant's minimum sentencing guidelines range reflected 5 to 34 months' imprisonment. The trial court instead sentenced defendant to a minimum term of 120 months' imprisonment and ordered the time to be served consecutively to any parole violation. Recognizing this was an upward departure from the minimum sentencing guidelines range, the trial court emphasized defendant's lengthy and continuous criminal history. The court expressed concern that, despite experiencing prison, jail, and various rehabilitative measures numerous times, defendant continued to commit crimes. The trial court noted that defendant had three times the number of convictions that prior record variable (PRV) 2 accounts for. The trial court also adopted statements that the prosecutor made during her argument. Those statements included a request to exceed the guidelines because defendant was on parole at the time of the instant offenses and his extensive adult criminal history included several felony and misdemeanor charges, parole violations and absconding, and an attempted jail escape. The prosecutor added that the victims were "terrified" enough to not attend the sentencing, for fear of retribution if defendant learned what they looked like. She also emphasized defendant's failure to change over the years, as well as the fact that he did not take responsibility for his actions until his wife turned in a letter in which defendant confessed. The prosecutor added that defendant's explanation that he "owed money and needed a license" was false because defendant had a job, housing, and family support at the time of the offense. She argued that defendant was a danger to the community.

The trial court sentenced defendant to prison and ordered defendant to pay $871.85 in restitution, $1,400 in court costs, and $200 in fines.

In June 2020, Defendant moved to withdraw his plea or to correct the scoring variables and be resentenced. The trial court denied defendant's motion to withdraw his plea but granted the motion for resentencing. Defendant argued that 120 months was a disproportionately high period of incarceration and asserted that 12 or 18 months would be an appropriate minimum sentence. Further, defendant argued that the imposition of $700 in court costs per charge was excessive given the relatively short duration of time in the district and circuit courts as well as not requiring witnesses or a jury to appear.

At the resentencing hearing, the trial court again noted defendant's extensive criminal history but added that a property crime such as this, in which identification and credit cards were stolen, creates a significant hassle for its victims. However, the trial court noted how well defendant had been doing in prison with zero misconduct tickets. In light of that, the trial court reduced defendant's minimum prison term by half to 60 months' imprisonment. The trial court also reduced the court costs to $700.

The amended judgment reflected the corrected prison term of 60 to 180 months imprisonment and court costs of $700. However, the amount of restitution due was altered to $869.35, and nothing on the amended judgment indicated that the sentences would run consecutively to parole violations. Three more amended judgments of sentence were entered, all correcting at least one mistake but adding at least one more in its place. The final and fifth-amended judgment of sentence was entered with the correct prison terms and listed $1,400 in court costs, $200 in fines, and $869.35 in restitution. This appeal followed.

## II. UPWARD DEPARTURE SENTENCE

Defendant first argues that the trial court abused its discretion by imposing an upward departure sentence that fell well outside of the minimum sentencing guidelines range. Defendant claims that the trial court failed to consider individualized, mitigating factors of defendant's unique background. We disagree.

An out-of-guidelines sentence is reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "A sentence is unreasonable—and therefore an abuse of discretion—if the trial court failed to adhere to the principle of proportionality in imposing its sentence on a defendant." *People v Lampe*, 327 Mich App 104, 125; 933 NW2d 314 (2019). "That is, sentences imposed by a trial court must 'be proportionate to the seriousness of the circumstances surrounding the offense and the offender.'" *Id.*, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). A trial court must still take the sentencing guidelines into consideration when fashioning a sentence. *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017). "Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing." *Id.* at 524-525.

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. [*Id.* at 525 (citations omitted).]

Moreover, "[w]hen making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been[.]" *Id.* (quotation marks and citations omitted).

In this case, between the two sentencing hearings and the adoption of the prosecutor's statements by the court, the trial court addressed each of the *Dixon-Bey* factors. Under the first factor, the trial court noted that property crimes involving theft of personal identification and credit cards are particularly troublesome for victims. Further, by adopting the prosecutor's statements, the trial court recognized that, as a result of these offenses, the victims were too afraid of defendant to attend the sentencing hearing. Under the second factor, issues not considered by the guidelines, the trial court noted how rehabilitative efforts had failed. The trial court also adopted the prosecutor's statement that defendant did not take responsibility for the crime until his wife turned in a letter confessing to the matter. Finally, under the third factor, the trial court heavily emphasized defendant's recidivism and how the guidelines do not account for the number of convictions that defendant had accumulated. Further, some of those charges included absconding from parole as well as an attempted escape from jail. Nonetheless, at defendant's resentencing, the trial court also recognized that defendant had been doing well so far in prison, and it reduced defendant's prison sentence to a minimum of 60 months.

Although the court still imposed an upward departure sentence, the trial court adequately explained its reasoning as to why the sentence imposed was more proportionate to the offense and defendant than a different sentence would have been. *Dixon-Bey*, 321 Mich App at 525. The court assessed defendant's recidivism and significant criminal history, that defendant committed the offense while on parole, the crime's effect on the victims, defendant's original attempt to avoid responsibility, and inadequacy of the scoring variables. Moreover, it is irrelevant whether the trial court's decision to reduce the sentence minimum to 60 months was merely a new factor it considered during resentencing. The term of 60 months was reasonable given the trial court's reasons for the departure. See e.g., *People v Odom*, 327 Mich App 297, 315-316; 933 NW2d 719 (2019) (affirming an upward departure sentence when the guidelines minimum sentence range did not adequately account for a defendant's extensive criminal history, recidivism, and poor prospects for rehabilitation). Because the sentence was proportionate to the offense and offender, the trial court did not abuse its discretion when it imposed a 60-month minimum prison sentence. *Steanhouse*, 500 Mich at 471; *Dixon-Bey*, 321 Mich App at 525.

## III. COURT COSTS, FINES, AND RESTITUTION

Next, defendant challenges the court costs, fines, and restitution imposed by the trial court in the final amended judgment of sentence. Both defendant and plaintiff agree that the trial court erred by ordering defendant to pay $1,400 in court costs on the final amended judgment of sentence after the trial court assessed $700 on the record. Further, the parties agree that the trial court erred when it imposed $200 in fines and $869.35 in restitution without addressing either on the record in defendant's presence. We agree that a remand is necessary.

A trial court's factual findings at sentencing are reviewed for clear error. *Lampe*, 327 Mich App at 125-126. "The trial court's findings are clearly erroneous if, after we have reviewed the entire record, we are definitely and firmly convinced that it made a mistake." *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). Unpreserved issues are reviewed for plain error affecting the defendant's substantial rights, which "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763, 764; 597 NW2d 130 (1999). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763 (quotation marks, citation and alteration omitted).

Criminal defendants have a constitutional right to be present for sentencing. *People v Heller*, 316 Mich App 314, 318; 891 NW2d 541 (2016). A trial court must impose mandatory minimum state costs and *may* impose fines and court costs, MCL 769.1k(1), but "[t]he court *shall* make available to a defendant information about any fine, cost, or assessment imposed under [MCL 769.1k(1)] . . . ." MCL 769.1k(7) (emphasis added). Because the trial court did not give defendant an opportunity to challenge these amounts, including the reversion to $1,400 in court costs in the final amended judgment of sentence, it committed a plain error affecting defendant's substantial rights. Moreover, under MCR 6.425(D)(1)(f)[2], the court was required to "order the

---

[2] Formerly MCR 6.425(E)(1)(f).

-4-

dollar amount of restitution that the defendant must pay to make full restitution as required by law to any victim of the defendant's course of conduct that gives rise to the conviction" on the record during resentencing. Therefore, the case must be remanded for the trial court to evaluate the imposition of fines, court costs, and restitution, on the record, in defendant's presence.

We affirm defendant's prison term, but vacate the amounts of fines, court costs, and restitution imposed and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien